86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ositadima IGBO, Defendant-Appellant.
 No. 95-56039.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ositadima Igbo appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Igbo is serving a 121-month sentence imposed after a jury convicted him of conspiracy and drug offenses in violation of 21 U.S.C. §§ 846, 841(a)(1). First, he argues that, because there is no meaningful distinction between cocaine and cocaine base, the rule of lenity required the district court to sentence him to the lesser penalties warranted for offenses involving the former. Second, he contends the district court erred by sentencing him to 121 months on Counts I and III. Finally, Igbo asserts that his counsel was ineffective because he failed to raise these issues. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a § 2255 motion. Sanchez v. United States,, 50 F.3d 1448, 1451 (9th Cir.1995).
 
 
 4
 Igbo relies on an opinion from the Northern District of Georgia to support his arguments that section 841(a)(1) is vague and ambiguous and that there is no real difference between cocaine base and cocaine powder. It follows, he asserts, that he should have been sentenced no more harshly for his offenses involving cocaine base than for those involving cocaine powder. Our prior decisions foreclose these claims.
 
 
 5
 "[T]he term 'cocaine base' is not unconstitutionally vague because the substances it denominates are distinguishable from cocaine hydrochloride, which is powder cocaine." United States v. Davis, 36 F.3d 1424, 1434 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). The different penalties applied to cocaine powder and cocaine base are founded on a rational distinction between the two drugs, and thus do not violate the Constitution. United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989). In light of this authority, the district court properly rejected these arguments.
 
 
 6
 Igbo contends the district court should not have sentenced him to three concurrent terms of 121 months in prison. Although he concedes that 121 months is the appropriate sentence for Count II, he asserts that Counts I and III warrant shorter sentences to reflect the smaller quantities of drugs they involved. This claim fails.
 
 
 7
 Guidelines § 1B1.3 requires that the district court calculate a defendant's base offense level taking into account all relevant conduct. "Relevant conduct" is defined to include all conduct a defendant undertakes jointly with others, whether or not charged as a conspiracy. U.S.S.G. § 1B1.3(a)(1)(B). Because Igbo's separate crimes were all part of the same criminal endeavor, the district court properly aggregated the drug quantities from all three crimes, and imposed identical, concurrent sentences for each. See id.; U.S.S.G. § 5G1.2(c) (mandating concurrent sentences on all counts if the sentence imposed on the most serious count is adequate to achieve the total punishment).
 
 
 8
 We reject Igbo's final argument, that effective counsel would have raised the foregoing claims. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983) (appellate counsel need not raise every nonfrivolous issue requested by defendant).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3